**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-11548
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOISES VIRGEN CHAVEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 2:96-CR-026-1)

July 29, 1997

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

PER CURIAM:[*]

Moises Virgen Chavez appeals his conviction and sentence for possession

with the intent to distribute methamphetamine and aiding and abetting,[1] contending

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]21 U.S.C. §§ 841(a)(1) & (b)(1)(A); 18 U.S.C. § 2.

that the district court erred in admitting evidence seized from the search of his vehicle and permitting testimony of statements he made after discovery of the methamphetamine in a false gas tank on his truck. The evidence was not challenged with a contemporaneous objection and our review is under the plain error standard. Under Fed. R. Crim. P.52(b) we may correct forfeited errors only when the appellant establishes: (1) that there is an error, (2) that the error is clear or obvious, and (3) that the error affects defendant's substantial rights.[2] If these factors are shown, the decision to correct the forfeited error is within our sound discretion which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[3] Our review of Chavez's fourth amendment complaint in light of the record discloses no such violation.[4]

Chavez also contends that the prosecutor improperly commented on his post-arrest silence by asking why he did not tell the arresting officers the exculpatory story related at trial. Chavez was not silent after his arrest but then opined that he transported the methamphetamine under duress from unnamed persons. In that

---

[2]**United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc) (citing **United States v. Olano**, 507 U.S. 725 (1993)).

[3]**Olano**.

[4]**United States v. Seals**, 987 F.2d 1102 (5th Cir. 1993); **United States v. Kelley**, 981 F.2d 1464 (5th Cir. 1993); **United States v. Dovali-Avila**, 895 F.2d 206 (5th Cir. 1990).

setting, it was not inappropriate for the prosecutor to challenge Chavez regarding the withholding of the testimony advanced at trial.[5]

AFFIRMED.

---

[5]**Lofton v. Wainwright**, 620 F.2d 74 (5th Cir. 1980).